UNITED STATES *v.* BAIZ & Co. (No. 1330).[1]

EVIDENCE.

. The importers should not have been compelled to have their case adjudged on an incomplete record of evidence they sought rightly to complete; moreover, the board erred in considering records improperly received in evidence.

United States Court of Customs Appeals, May 28, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34182 (T. D. 33963).

[Remanded.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Leland N. Wood,* special attorney, on the brief), for the United States.

*Jules Chopak, jr.,* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Certain merchandise known as "Lanza perfumes," classified by the collector of customs at San Juan, P. R., as perfumery in the manufacture of which alcohol was used, was assessed for duty at 60 cents per pound and 50 per cent. ad valorem under paragraph 67 of the tariff act of 1909, which paragraph, in so far as pertinent, reads as follows:

67. Perfumery, including cologne and other toilet waters, articles of perfumery, whether in sachets or otherwise, * * * all the foregoing; if containing alcohol, or in the manufacture or preparation of which alcohol is used, sixty cents per pound and fifty per centum ad valorem; * * *.

The importer protested that the merchandise was ethyl chloride, dutiable at 30 per cent ad valorem under the provisions of paragraph 21 of the same act, which paragraph in part reads as follows:

21. * * * Ethyl chloride, thirty per centum ad valorem: * * *.

On the hearing before the board, an examiner in the appraiser's office at the port of New York was called as a witness for the importers, and after the official sample taken in the pending protest 688005 was submitted to his inspection, he testified that he had passed similar merchandise. His attention having been then called to samples covered by protests 587089, 586268, and 654614, which apparently had been heard and determined by the board at an earlier date, he stated in response to questions that the merchandise which was the subject of the pending protest was similar in character to that involved in the protests which had been determined, but was of a very different odor. The witness said that the difference in odor was attributable to the essential oils which had been added to the ethyl chloride and which had the quality of imparting a perfume to the product. Counsel for the importers then moved that the records in protests 585268, 587089, and 654644 (*sic*) be incorporated as a part of the record in the pending case. The Government objected on the ground that the witness had testified that the odors

[1] Reported in T. D. 34526 (26 Treas. Dec., 928).

were different in each case. The board denied the motion to incorporate, but stated that it would "look at both of them." Such a ruling was calculated to lead the importers to believe that the records would be considered as evidence and the Government to believe that the records were excluded, and under such circumstances we are of opinion that neither was put on such notice as to the real nature of the ruling as to oblige the taking of an exception. Some further testimony was then introduced on the part of the importers from which it appeared that the merchandise in question was composed of ethyl chloride and a small amount of essential oil, certainly not above 5 per cent. The testimony was to the effect that the odor of the essential oil was quite perceptible, but that a trace of essential oil would produce that effect. The Board of General Appraisers sustained the protest of the importers, and from its decision it appears that it considered the records in the protests, the admission of which as evidence were denied. The Government appealed, and a motion was then made in this court that the records in the protests which had been refused admission to the record in the case at bar be sent up to this court for consideration as part of the evidence. Inasmuch as they were denied admission by the board and the Government had no opportunity to cross-examine on the pending issue the witnesses produced on the hearing of such protests, we must deny the importers' motion that the records in the protests considered by the board as evidence be brought up for consideration on this appeal.

In view of the fact that the importers ought not to be compelled to submit their case on a record which does not contain all the evidence which they diligently sought to introduce, and inasmuch as the board erred in considering the records which had not been properly received in evidence, its decision must be reversed and the case remanded for a new trial.

*Remanded.*